UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 27 2017
CLERK, US DISTRICT COURT
NORFOLK, VA

FRANCIS AMPADU,

    Petitioner,

v.                                    Civil Action No. 2:16-cv-612

JEFFREY CRAWFORD, Director and
Officer in Charge of Farmville Detention
Center, *et al.*,

    Respondents.

## REPORT AND RECOMMENDATION

Petitioner Francis Ampadu ("Ampadu") filed a pro sé habeas petition pursuant to 28 U.S.C. § 2241, seeking release from custody pending his deportation to Ghana. This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because Ampadu's release from custody has mooted his claims, the undersigned recommends that the Respondents' Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED.

### I. STATEMENT OF THE CASE

Ampadu filed this petition for writ of habeas corpus on October 17, 2016, seeking relief from detention by U.S. Immigration and Customs Enforcement ("ICE") pending his deportation to Ghana, his country of citizenship. Ampadu's Petition seeks release from pre-removal detention; no other remedy or relief is sought. (ECF No. 1, at 17). On October 13, 2016, Ampadu was removed from the United States to Ghana via charter flight and is therefore no longer in ICE custody. Accordingly, his petition is moot.

1

According to the sworn Declaration of James O'Neil, ICE Supervisory Detention and Deportation Officer (ECF No. 7-1), Ampadu was convicted of various offenses related to forgery and distribution of controlled substances, dating back to 2008. As an alien who had been convicted of an aggravated felony, Ampadu was arrested and placed in removal proceedings on May 4, 2015, under 8 U.S.C. § 1227(a)(2)(A)(iii). Following administrative hearings before an Immigration Judge on July 15, September 2, and September 30, 2015, Ampadu was ordered removed from the United States to Ghana, the order becoming final on September 30, 2015 when Petitioner waived appeal. On August 4, 2016, ICE received a valid travel document from Ghana. On October 13, 2016, Ampadu was removed from the United States via a charter flight from New York, NY to Ghana, thus ending his detention. O'Neil Decl. ¶¶ 6-14 (ECF No. 7-1).

Because Ampadu had been removed from the United States and was no longer subject to ICE detention, Respondents filed a Motion to Dismiss (ECF No. 7) Petitioner's habeas petition in the Eastern District of Virginia, and notified Ampadu of his ability to oppose the Motion to Dismiss and the consequences of failing to do so. (ECF No. 8); see Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (requiring pro sé plaintiff be given fair notice of summary judgment rule requirements). Ampadu filed no response and provided no change of address form advising the court of his release from detention or an address where pleadings should be directed. LCR 7(B). Court mailings to Ampadu were returned as undeliverable on November 1, 2016.

## II.  ANALYSIS

Ampadu's release from ICE detention and removal from the United States renders the only issue raised by his habeas petition moot. Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const.

art. III, § 2, cl. 1. Federal court jurisdiction requires an ongoing case or controversy throughout all stages of the proceedings. Lewis v. Cont'l Bank Corp., 494 U.S. 472. 477 (1990). A case where the parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). A case can become moot due to a change in the facts or in the law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)).

The issue in Ampadu's habeas petition is moot due to a change in the facts. Ampadu's petition sought only release from ICE detention pending removal. As stated above, Ampadu was released from ICE custody and removed to his home country of Ghana on October 13, 2016. O'Neil Decl. ¶¶ 13-14 (ECF No. 7-1). Deportation or release from custody moots a habeas petition which seeks only release from custody pending removal. See Mattete v. Louiselle, No. 2:06-cv-652, 2007 WL 3223304, at *1 (E.D. Va. Oct. 26, 2007) (dismissing habeas petition as moot because petitioner had been deported). Ampadu's release therefore renders moot the issue in his petition.

Two possible exceptions to the mootness doctrine exist: (1) matters giving rise to "collateral consequences" and (2) those matters "capable of repetition, yet evading review." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Carafas v. LaVallee, 391 U.S. 234, 237 (1968); Murphy v. Hunt, 455 U.S. 478, 482 (1982)). Neither of these exceptions apply to Ampadu's claim. Because Ampadu challenged only his pre-removal detention and not the basis for removal itself, his deportation gives rise to no collateral consequences which his petition could address. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging only length of detention mooted by petitioner's deportation). Similarly, because Petitioner has been removed from the United States, there can be no reasonable

expectation that he will be detained by ICE again. See Hunt, 455 U.S. at 482 ("capable of repetition" doctrine requires reasonable expectation of complaint recurrence). Because neither of the mootness doctrine exceptions apply, the issue in Ampadu's § 2241 habeas petition is moot.

### III. RECOMMENDATION

Because Ampadu has been released from ICE custody and removed to his home country of Ghana, there remains no active case or controversy and the sole issue raised in this habeas petition is moot. Accordingly, the undersigned recommends that the Respondents' Motion to Dismiss (ECF No. 7) be GRANTED and that Ampadu's Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 be DENIED and DISMISSED as moot.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985);

4

<u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

---

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 27, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Francis Ampadu**
A 044-738-553
Farmville Detention Center
508 Waterworks Road
Farmville, VA 23901

and an electronic copy was provided to:

**Sean D. Jansen**
U.S. Attorney's Office (Norfolk)
101 W. Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

1/27_____, 2017